IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 21 2010

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | | |
|---|---|---|
| TOM FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-777-A |
| | § | |
| GMAC MORTGAGE, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND
ORDER

Now pending before the court is the motion to dismiss filed in the above-captioned action by defendants, GMAC Mortgage, LLC, US Bank National Association, and Homecomings Financial, LLC. Having considered the motion, the response of plaintiff, Tom Franklin, and defendants' reply, the court concludes that the motion should be granted.

I.

Plaintiff's Claims and the Motion to Dismiss

Plaintiff instituted this action by a complaint filed on December 31, 2009. On January 8, 2010, the court ordered plaintiff to file an amended complaint that complied with Rule 8(a)(1) and (2) of the Federal Rules of Civil Procedure by providing a short and plain statement of the basis of the court's

jurisdiction, as well as a short and plain statement of his claims showing he is entitled to relief from defendants. On January 12, 2010, plaintiff filed an amended complaint titled "Amended Class Action Complaint Based Upon Predatory Lending and Mortgage Fraud."

In their motion, defendants urge dismissal is proper under Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff has failed to state a claim upon which relief may be granted, and because plaintiff is not a licensed attorney, is not authorized to represent any class of individuals in this court, and has been enjoined from attempting to do so.

II.

Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 550 U.S. at 555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim,

3

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.

### Analysis

The court agrees with defendants that plaintiff's claims fail to comply with even the liberal pleading standards of the Federal Rules of Civil Procedure. The complaint consists of four generalized allegations; the first allegation is followed by a list which plaintiff contends are "Specific Predatory Practices by the Defendants," while the third allegation is followed by a list of alleged "Housing predatory tactics used by the defendants." Am. Compl. at 3, 5. Many of the allegations appear to assert claims on behalf of multiple individuals, as the complaint often refers to "borrowers." Missing from the complaint are any facts to support whatever claims plaintiff purports to be bringing against any of the defendants. Although plaintiff alleges that defendants "in an arbitrary and capricious way" denied him "the opportunity to own and refinance his home because of predatory lending policies," id. at 2, he fails to allege any facts to support this or any of his other allegations. Even affording plaintiff a liberal construction of his pro se

4

pleadings, the court need not accept as true his legal conclusions couched as factual allegations. Papasan, 478 U.S. at 286.

It also appears to the court that to the extent he is attempting to assert claims on behalf of a class of other individuals, plaintiff could be violating the terms of the state court injunction imposed on him by the 96th Judicial District Court of Tarrant County in case number 096-203179-03 on October 15, 2004, permanently enjoining him from purporting to represent in court any party other than himself. See Defs.' App. at 18-20.

Plaintiff's response offers nothing as would cause the court to reconsider its conclusions herein. The response makes the same types of conclusory assertions as the amended complaint, and attempts to argue the legal standard applicable to motions for summary judgment.

The court concludes that nothing in the amended complaint provides sufficient factual allegations against any defendant as would state any claim for relief against them. Plaintiff in his response did not seek leave to file an amended complaint, and as he has already been given one opportunity to amend his complaint, the court can see no reason to afford him yet another bite at the apple. See Goldstein v. MCI WorldCom, 340 F.3d 238, 254-55 (5th

Cir. 2003).

## IV.

### Order

Therefore,

The court ORDERS that whatever claims and causes of action plaintiff, Tom Franklin, purports to assert against defendants, GMAC Mortgage, LLC, US Bank National Association, and Homecomings Financial, LLC, be, and are hereby, dismissed with prejudice.

SIGNED March 21, 2010.

_____
JOHN McBRYDE
United States District Judge